UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES GEORGE SYLVESTER,

                Plaintiff,

- against -

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-387 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff James George Sylvester commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB"). On September 25, 2019, the Court remanded the Commissioner's decision for further consideration based on the parties' stipulation. Now before the Court is the motion of Plaintiff's attorneys, Charles Binder and Daniel Jones (collectively "Counsel"), for approval of attorneys' fees under 42 U.S.C. § 406(b), in the amount of $19,267.98. The Court grants Counsel's request in part, denies it in part, and awards Counsel $16,350 in attorneys' fees.

## BACKGROUND

**I.    Underlying Litigation**

On September 13, 2017, Plaintiff filed an application with the SSA for DIB, in which he alleged he had been disabled as of July 1, 2017. (*See* Administrative Transcript ("Tr."[1]), Dkt. 9, at 12.) His application was denied. (*Id*.) After requesting a hearing, Plaintiff appeared before

---

[1] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

Administrative Law Judge Gloria Pellegrino (the "ALJ") on May 2, 2018. (*Id.* at 12–15.) In a decision dated June 8, 2018, the ALJ determined that Plaintiff was not disabled and therefore was not entitled to DIB. (*Id.* at 15.) On November 19, 2018, the ALJ's decision became final when the Appeals Council of the SSA's Office of Disability Adjudication and Review denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 1–4.)

On January 18, 2019, Plaintiff filed a *pro se* complaint in federal court commencing this action appealing the ALJ's decision. (Dkt. 1.) While the claim was pending, Plaintiff retained Counsel to represent him in the federal court proceeding. (*See* Dkt. 15-3, at ECF[2] 1–2.) Plaintiff signed a fee agreement specifying that Plaintiff would pay Counsel "up to twenty-five percent (25%) of any past due benefits" awarded to Plaintiff on remand if his appeal proved successful. (*Id.* at 1.)

On August 9, 2019, Plaintiff filed a motion for judgment on the pleadings. (*See* Dkts. 10, 11.) On September 25, 2019, the parties stipulated to reversal and remand of the ALJ's decision. (Dkt. 12.) The Court So Ordered the stipulation and remanded the case to the SSA for further consideration. (*See* 9/25/2019 Docket Entry; Dkt. 13.)

II.     **Attorneys' Fees**

On October 1, 2019, counsel for the parties stipulated that the Commissioner would pay Plaintiff $6,231.90 in attorneys' fees under the Equal Access to Justice Act ("EAJA") and $400 in costs. (Dkt. 15.) The Court So Ordered the stipulation. (*See* 10/2/2019 Docket Order.)

On April 20, 2020, the SSA, reviewing Plaintiff's case on remand, issued a decision informing Plaintiff that he was entitled to DIB. (*See* Dkt. 15-3.) The SSA withheld $19,267.98

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

of the award to pay Plaintiff's representative, noting that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (*Id.* at ECF 9.)

On June 2, 2020, Counsel filed the instant motion seeking $19,267.98 in attorney's fees. (*See* Dkt. 15-1, at ECF 1.) Binder billed 3.2 hours on the case (*see* Dkt. 15-2, ¶ 10), and Jones billed 29.5 hours[3] (*id.* ¶ 8). Given the total of 32.7 hours, $19,267.98 would amount to an effective hourly rate of $589.23.[4]

## DISCUSSION

### I. Legal Standard

Title 42, United States Code, Section 406(a) "governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quotations omitted). "If the claimant has a fee agreement, subsection [406](a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount[.]" *Id.* (citing 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009)).[5]

"Section 406(b) provides that a court may award a 'reasonable fee' that is 'not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17,

---

[3] Jones graduated from law school in 2010 and has handled over 1,000 SSA appeals. (*See* Dkt. 15-2 ¶ 9.)

[4] On June 3, 2020, the SSA filed a response to Counsel's motion for attorneys' fees. (*See* Dkt. 16.)

[5] "Absent a fee agreement, subsection (a)(1) gives the agency authority to 'prescribe the maximum fees which may be charged for services performed in connection with any claim' before the agency. If the claimant obtains a favorable agency determination, the agency may allot 'a reasonable fee to compensate such attorney for the services performed by him.'" *Culbertson*, 139 S. Ct. at 520 (quoting 42 U.S.C. § 406(a)(1)).

2020) (quoting 42 U.S.C. § 406(b)(1)(A)). "The Court's determination of fees requested under § 406(b) 'must begin with the agreement.'"[6] *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "The district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* (brackets omitted) (quoting *Wells*, 907 F.2d at 371). "To determine whether a fee is 'unreasonable,' a district court should consider: (1) 'whether the contingency percentage is within the 25% cap;' (2) 'whether there has been fraud or overreaching in making the agreement;' and (3) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

"[C]ourts in this circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:" (1) "whether the attorney's efforts were particularly successful for the plaintiff;" (2) "whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research;" and (3) "whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Id.* at *3 (citing *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). "Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

---

[6] "[I]f fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award." *Diberardino*, 2020 WL 6746828, at *3.

4

**II.     Analysis**

There are no allegations of fraud or overreaching with respect to the fee agreement between Plaintiff and Counsel, so the only question is whether a fee of $19,267.98 would represent a windfall to Counsel. The Court finds that Counsel's request would result in a windfall and thus is unreasonable.

Although 32.7 hours was a reasonable amount of time to bill on this case,[7] an effective hourly rate of $589.23 is unreasonable here. Courts have reduced awards in similar circumstances.[8] Although Counsel is correct that courts in this Circuit have approved fee awards under Section 406(b) that are above market rates,[9] "the Court must use its own discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney[,]'" *Diberardino*, 2020 WL 6746828, at *5 n.4 (quoting *Wells*, 907 F.2d at 372), and, here, does not find that a rate of $589.23 is reasonable. The Court further notes that this case was resolved by

---

[7] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours of work); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

[8] *See, e.g.*, *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500); *Sweda*, 2019 WL 2289221 *3 (reducing an effective hourly rate of $675 to $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (reducing an effective hourly rate of $710.66 to $500).

[9] *See, e.g.*, *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3–4 (S.D.N.Y. May 15, 2019) (approving a request of $23,969.88 for 22.2 hours of work, or an hourly rate of $1,079.72); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving a request of $37,993.25 for 37.7 hours of work, or an hourly rate of $1,007.78).

stipulation as opposed to a decision after full briefing. Given the circumstances of the representation, the Court thus finds that an award of $16,350, which amounts to an effective hourly rate of $500, would adequately compensate Counsel for the time spent on this case, the risks accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result obtained for Plaintiff.

## CONCLUSION

Plaintiff's motion for attorneys' fees under Section 406(b) is granted in part, and Counsel is awarded $16,350 in attorneys' fees. On receipt of this award from the government, Counsel shall promptly refund Plaintiff $6,231.90, which represents the EAJA fees already received by Counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 27, 2021
       Brooklyn, New York